1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 ANTHONY JOHNSON,                              No. C 11-03530 SI

9            Petitioner,                        **ORDER TO SHOW CAUSE AND**
                                                **DENYING REQUEST FOR**
10    v.                                        **EVIDENTIARY HEARING**

   RAUL LOPEZ, WARDEN,
11
             Respondent.
12 _____/

13

14

15        Anthony Johnson, an inmate of the California Department of Corrections, filed this action for

16 a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review

17 pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

18

19                                    **BACKGROUND**

20        The petition provides the following information: Johnson was convicted in San Francisco

21 Superior Court of first degree murder, use of a firearm in commission of crime, being a felon in

22 possession of a firearm, possession of cocaine base for sale, possession of cocaine while armed with a

23 firearm, and misdemeanor resisting arrest.  On October 26, 2007, he was sentenced to twenty five years

24 to life on the murder count and an additional term of twenty five years for the use of the firearm in the

25 murder, for a total sentence of fifty years to life.  Johnson appealed, and his conviction was affirmed.

26 The California Supreme Court denied Johnson's petition for review on July 28, 2010.  Johnson filed a

27 petition for writ of habeas corpus in the Supreme Court of California.  That petition was denied on

28 February 16, 2011.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following: (1) Petitioner was denied his right to counsel under the Sixth and Fourteenth Amendments; (2) admission of testimony concerning a proposed plea agreement violated his rights under the Fifth, Sixth and Fourteenth Amendments; (3) admission of testimony concerning a self-defense theory violated his rights under the Fifth, Sixth and Fourteenth Amendments; (4) admission of testimony regarding his offer to plead guilty violated his rights under the Fifth, Sixth and Fourteenth Amendments; (5) his attorney's failure to object to the foregoing testimony constituted ineffective assistance of counsel in violation of the Sixth Amendment; (6) the trial court's exclusion of a statement from an unnamed informant violated his rights under the Fifth, Sixth and Fourteenth Amendments; (7) the questioning of petitioner's knowledge and use of firearms violated his rights under the Fifth, Sixth and Fourteenth Amendments; (8) exclusion of testimony regarding the victim's gang membership violated Petitioner's rights under the Sixth Amendment; and (9) the trial court's questioning and excusing of a juror violated his rights under the Fifth, Sixth and Fourteenth Amendments. Liberally construed, the claims appear to be cognizable in a federal habeas action.

**MOTION FOR EVIDENTIARY HEARING**

Petitioner has also filed a request for an evidentiary hearing regarding his claims of ineffective assistance of counsel. Docket No. 2. This request is foreclosed by the Supreme Court's decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). In that case the Supreme Court held that where habeas claims had been decided on their merits in state court, a federal court's review under 28 U.S.C. section

2

2254(d)(1) – whether the state court determination was contrary to or an unreasonable application of established federal law – must be confined to the record that was before the state court. 131 S. Ct. at 1398. The *Pinholster* Court specifically found that the District Court should not have held an evidentiary hearing regarding Pinholster's claims of ineffective assistance of counsel until after the Court determined that the petition survived review under Section 2254(d)(1). *Id.*, at 1398. Therefore, the Court will deny without prejudice Johnson's motion for an evidentiary hearing. The motion may be renewed if, after full briefing, the Court determines that some or all of Johnson's claims survive review under Section 2254(d)(1).

## CONCLUSION

For the foregoing reasons,

1.     The petition states cognizable claims for habeas relief and warrants a response.

2.     The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.     Respondent must file and serve upon petitioner, on or before September 30, 2011, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before October 31, 2011.

5.     Petitioner's motion for an evidentiary hearing is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: August 1, 2011

_____
SUSAN ILLSTON
United States District Judge